IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thomas Carroll Cooper, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:24-cv-0508-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Greenville County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Thomas Carroll Cooper, III, a pre-trial detainee proceeding *pro se*, filed a complaint against Defendant seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On March 29, 2024, the magistrate judge entered an order directing Plaintiff to provide certain documents to bring his case into proper form and advising Plaintiff of deficiencies in his complaint and affording him the opportunity to cure the deficiencies. (ECF No. 4). The order was mailed to Plaintiff at the address he provided to the court (ECF No. 5) but was returned marked "not deliverable" and "unable to forward" on April 15, 2024. (ECF No. 7). To this date, Plaintiff has not advised the Court of any changes to his address, despite having been advised of his duty to inform the Court in writing of any change of address and of the consequences of failing to do so (ECF No. 4 at 6) and having certified as to his understanding of the same (ECF No. 1 at 11). Plaintiff never responded to the magistrate judge's proper form order (ECF No. 4) and has not filed an amended complaint.

Now before the Court is the magistrate judge's Report and Recommendation ("Report"), concluding that Plaintiff has failed to state a cognizable claim for relief under § 1983, that Defendant does not qualify as a state actor under § 1983, and that Plaintiff has failed to bring his

action into proper form as directed by the Court. (ECF No. 8). The Report was mailed to Plaintiff at the address he provided to the Court. (ECF No. 9). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 8 at 6), but failed to do so. The Report, like the order, was returned to the Court marked "not deliverable" and "unable to forward." (ECF No. 10).

The time for Plaintiff to object to the Report has expired, and this matter is ripe for review. The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the Court agrees with the conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 8), which is incorporated herein. This action is hereby **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 27, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.